DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Timothy L. Barger and Susan Barger, appeal from the decision of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellee, Freeman Manufacturing Supply Company. This Court affirms.
 I {¶ 2} Mr. Barger began working for appellee in August of 1989 as an injection machine operator. He worked in appellee's Cleveland facility from 1989 until 1998. In July of 1998, appellee relocated its facility to Avon and Mr. Barger continued his job as an injection machine operator at this new location. At the Avon facility, Mr. Barger's injection machine was located near a wax melting kettle used to melt wax that is then injected into casting machines to mold appellee's products. When the color of wax being used was changed, the kettle had to be cleaned out with the chemical perchloroethylene ("perc"), used as a solution to remove the old wax residue before adding a new wax color to the kettle. At the Avon facility, Mr. Barger was cross-trained to clean the wax melting kettle so that he could fill in to do the job as needed.
 {¶ 3} Mr. Barger began experiencing health problems during the time-period he was cleaning the wax melting kettle at appellee's Avon facility. After experiencing symptoms such as nausea, dizziness, numb sensations, blackouts and nervousness, Mr. Barger sought medical treatment. Doctors diagnosed Mr. Barger with having panic attacks. One of Mr. Barger's doctors concluded that his "entire clinical syndrome" was a direct result of his exposure to perc. Mr. Barger alleges his exposure to perc at work is the cause of his medical problems.
 {¶ 4} In March of 2001, appellants filed a complaint against appellee, Chemcentral, and PPG Industries, Inc. In August of 2002, both Chemcentral and PPG Industries, Inc. filed motions for summary judgment and the trial court granted their motions in September of 2002. Only appellants' employer intentional tort claim remained against appellee.
 {¶ 5} In April of 2003, appellee filed a motion and supporting brief requesting the trial court grant it summary judgment. Appellants responded with a brief in opposition to the summary judgment motion and appellee then filed a reply brief supporting its motion for summary judgment. On July 10, 2003, the trial court journalized its judgment entry granting summary judgment in favor of appellee.
 {¶ 6} Appellants timely appealed the July 10, 2003 order, setting forth one assignment of error for review.
 II ASSIGNMENT OF ERROR
"The trial court committed reversible error by granting summary judgment to defendant, freeman manufacturing and supply company."
 {¶ 7} In their sole assignment of error, appellants argue the trial court erred by granting summary judgment to appellee. This Court disagrees.
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material showing that a genuine dispute over material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 10} The instant case involves the claim of an employer intentional tort. The Ohio Supreme Court set forth the legal standard by which courts must determine whether an employer committed an intentional tort against an employee in Fyffe v.Jen's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus:
"Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser Keeton on Torts (5 Ed. 1984), in order to establish `intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. (Van Fossen v. Babcock Wilcox Co. [1988],36 Ohio St.3d 100, 522 N.E.2d 489, paragraph five of the syllabus, modified as set forth above and explained.)."
An employer's mere knowledge and appreciation of a risk, something short of substantial certainty that such risk will cause harm, is not enough to establish "intent." Id. at paragraph two of the syllabus.
 {¶ 11} In its motion for summary judgment, appellee argued (1) there is no evidence to substantiate an employer intentional tort against it and (2) there is no evidence of a causal connection between Mr. Barger's alleged injuries and any exposure to perc at appellee's Avon facility. More specifically, appellee asserted there is no evidence of a dangerous condition at its facility, substantial certainty of resulting harm from such risk, or a requirement from appellee that Mr. Barger work in an unsafe environment — the three elements necessary to establish an employer intentional tort. In support of its argument, appellee presented copies of excerpts from Mr. Barger's deposition and his group leader, Kevin Nagy's deposition. Appellee also presented copies of various written medical assessments and reports from more than six different physicians who have treated or evaluated Mr. Barger. Lastly, appellee provided copies of documents it states are the Occupational Safety and Health Administration's ("OSHA") "Acceptable Ceiling Concentration" standard for allowable exposure to perc, an on-site testing report of perc levels at appellee's Avon facility performed by OSHA, and a "Vapor Monitor Response Card" analysis report of the Avon facility performed by an independent monitoring company.
 {¶ 12} Appellee attached the above evidentiary material to its motion to show the following: there is no evidence of a dangerous condition at its Avon facility, no evidence that appellee had knowledge of any such dangerous condition, no evidence of a substantial certainty of harm resulting from any such condition, and therefore no evidence that appellee required Mr. Barger to work in an unsafe environment. Furthermore, appellee referred to the above evidence to show there was no causal connection proven between Mr. Barger's alleged injuries and any exposure to perc at appellee's Avon facility. This Court finds appellee satisfied its Dresher burden and, as a result, the burden shifts to appellants to satisfy the same in order to overcome summary judgment against them. Civ.R. 56(E).
 {¶ 13} Appellants did not produce sufficient contrary evidence in response to appellee's motion for summary judgment. Appellants had no evidentiary materials or affidavits attached to their brief in opposition to appellee's summary judgment request. This Court notes that although appellants continually refer to the deposition testimony of Kevin Nagy and Charles Van Pelt throughout their brief, no excerpts were attached to appellants' response and the docket for this case reveals that their depositions were never made part of the record. Only brief excerpts of Mr. Barger's deposition and Mr. Nagy's depositions were provided by appellee, attached to its summary judgment motion and brief. Therefore, appellants have not provided evidentiary materials to show that a genuine dispute over material facts does exist with regard to their employer intentional tort claim against appellee. Consequently, they have failed to meet their Dresher burden.
 {¶ 14} After reviewing the evidence in the light most favorable to appellants, this Court finds that no genuine issues of material fact remain as to the essential elements of appellants' intentional tort claim against appellee. In light of the above facts and the applicable law, this Court finds that summary judgment was properly granted to appellee. Appellants' sole assignment of error is overruled.
 III. {¶ 15} Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore and Batchelder, JJ., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Exceptions.