DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Tina Yates, appeals from the judgment of the Wayne County Court of Common Pleas which granted summary judgment in favor of appellee, The Gerstenslager Company. This Court affirms.
 I. {¶ 2} The facts underlying this litigation are undisputed. For approximately twenty-six years, Milford Adams worked for appellee. Adams was a shipping supervisor for appellee and his job required that he walk between two plants located on appellee's premises. The area between the two plants was used for loading and unloading and often had heavy machinery and tractor trailers moving through it. On January 22, 2004, while walking between the two plants, Adams tragically was struck and killed by a tow motor being driven by an employee of appellee.
 {¶ 3} On June 7, 2005, appellant, the executrix of Adams' estate, filed suit against appellee, seeking damages under a theory that appellee had committed an intentional tort. On March 7, 2006, appellee moved for summary judgment on appellant's claim, asserting that no genuine issue of material fact remained. Appellant responded in opposition, but the trial court was persuaded by appellee and granted its summary judgment motion on April 19, 2006. Appellant timely appealed from the trial court's order, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE, THE GERSTENSLAGER COMPANY, AS THERE REMAIN GENUINE ISSUES OF MATERIAL FACT THAT A JURY SHOULD BE ALLOWED TO CONSIDER WITH RESPECT TO WHETHER APPELLEE'S CONDUCT CONSTITUTED AN EMPLOYER INTENTIONAL TORT."
 {¶ 4} In her sole assignment of error, appellant asserts that the trial court erred in granting summary judgment. Specifically, appellant argues that she supplied sufficient evidence to demonstrate a prima facie case of an employer intentional tort. This Court disagrees.
 {¶ 5} An appellate court reviews the award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. In doing so, this Court views the facts presented by the moving party in a light most favorable to the non-moving party and resolves any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. "Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ. R. 56(C), Civ. R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings." Elsass v. Crockett, 9th Dist. No. 22282, 2005-Ohio-2142, at ¶ 15. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 {¶ 7} In support of its motion, appellee relied upon the pleadings and the affidavits and depositions of employees Jerry Chapman, Nancy Vance, and Scott Eash. In response, appellant relied upon the affidavits and deposition testimony of numerous other employees, OSHA citations, and the affidavit of an expert, Walter Girardi. Girardi's affidavit effectively summarizes the evidence presented by appellant and then draws a legal conclusion from that evidence. Initially, we note that, like the trial court, this Court is not bound by the legal conclusions of appellant's expert.
 {¶ 8} The instant matter involves a claim of an employer intentional tort. In Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, the Ohio Supreme Court articulated the legal standard by which courts determine whether an employer committed an intentional tort against an employee:
 "[I]n order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against an employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Id., at paragraph one of the syllabus.
Furthermore, mere knowledge and appreciation of a risk by an employer is not enough to establish intent. (Quotations omitted). Barger v. FreemanMfg. Supply Co., 9th Dist. No. 03CA008313, 2004-Ohio-2248, at ¶ 10, citing Fyffe, 59 Ohio St.3d at paragraph two of the syllabus.
 {¶ 9} Moreover, in order to establish an intentional tort by an employer, a plaintiff must demonstrate proof beyond that required to prove negligence or recklessness. Fyffe, 59 Ohio St.3d at paragraph two of the syllabus. If a plaintiff can show that harm or consequences will follow the risk, that the employer knows that injuries to employees are certain or substantially certain to result from the risk, and yet the employer still requires the employee to proceed, the employer is treated by the law as if he had in fact desired the end result. See Id. This Court has held that it is the element of substantial certainty which differentiates negligence from an intentional tort. Marks v. GoodwillIndustries of Akron, Ohio, Inc., 9th Dist. No. 20706, 2002-Ohio-1379, at ¶ 14, citing Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 116. "The line must be drawn where the known danger ceases to be a foreseeable risk which a reasonable person would avoid, and becomes in the mind of the [employer] a substantial certainty." (Quotations omitted). Marks at ¶ 15.
 {¶ 10} When determining intent, "this Court proceeds on a case-by-case basis and considers the totality of the circumstances." Id. at ¶ 16. Concerning substantial certainty, we have stated that:
 "Some of the relevant facts and circumstances which support the conclusion that an employer's knowledge that harm to the employee was a substantial certainty include, but are not limited to: prior acts of a similar nature, the employer's concealment or misrepresentations concerning the danger, and federal and/or state safety violations or noncompliance by the employer with industry safety standards." Id.
After a careful review of the record, we find that no genuine issue of material fact existed to be litigated. Therefore, the trial court's award of summary judgment to appellee was proper.
 {¶ 11} The Fyffe test is a conjunctive test, i.e., all three elements must be established in order to maintain a prima facie case of an intentional tort by an employer. It follows, therefore, that if there remains no genuine issue of material fact as to one of the elements, discussion of the other elements becomes moot. See Pintur v. RepublicTechnologies, Internatl, LLC, 9th Dist. No. 05CA008656, 2005-Ohio-6220, at ¶ 11 (finding the issue of substantial certainty dispositive and not addressing the other Fyffe elements). Accordingly, since we find it to be dispositive in the instant matter, we begin our discussion with the substantial certainty prong.
 {¶ 12} Appellant effectively argues that injury is substantially certain to occur when an individual is required to walk through a busy parking lot. This Court cannot reach such a conclusion. In order to prove substantial certainty of harm, this Court has recently held that "a plaintiff must show [that] the level of risk-exposure was egregious." (Quotations omitted). Pintur at ¶ 12. Based upon the record before this Court, we cannot say that the risk-exposure presented was egregious.
 {¶ 13} In support of her argument, appellant relies upon the deposition testimony of numerous employees of appellee, an expert report, and citations issued by OSHA. Specifically, numerous employees, including Jonathan Garver, William Miller, and Randy Myers, testified that they had voiced concern over the safety of the lot between the two plants. These employees testified that they had been involved in numerous "near misses," stating that they had nearly hit pedestrians or vehicles while working. Furthermore, the employees were aware that vehicles in the parking lot had been struck by tow motors or other machinery on several occasions. These employees testified that they routinely made complaints to appellee's safety committee about the conditions in the parking lot. Furthermore, Myers testified at his deposition that he had in fact struck two pedestrians during a prior incident in the parking lot. In addition, appellant relied upon citations issued by OSHA which indicated that appellee was in violation of several safety rules.
 {¶ 14} Appellant is correct in her assertion that the above evidence is probative of the issue of "substantial certainty." SeeMarks, supra. However, viewing the evidence in a light most favorable to appellant, her claim still must fail. Despite deposing numerous longtime employees of appellee, appellant was able to present evidence of only one accident in the parking lot involving a pedestrian. In his own words, Myers stated that his accident, the one accident involving a pedestrian, resulted from a foreman who was "messing around. He was carrying her [the second pedestrian] like a child across the tracks, and I hit them."
 {¶ 15} Moreover, the undisputed evidence demonstrates that Adams spent a considerable amount of time navigating the parking lot. Every employee that testified indicated that Adams' job demanded that he walk between the two plants on numerous occasions in every shift. Adams worked for appellee for nearly twenty-six years and was never injured performing his job duty of walking between the plants.
 {¶ 16} Furthermore, employees described the parking lot as frequently congested. They indicated that employees and visitors often crossed the lot, that tow motors were operated on the lot on a daily basis, and that tractor trailers were often parked across the lot. Despite these conditions, appellant presented no evidence that a pedestrian had been struck in the lot since Myers incident, which had occurred in 1997, seven years before the accident at issue. Other employees described Adams' death as a "freak accident."
 {¶ 17} Accordingly, appellant presented undisputed evidence that the conditions in the parking lot were not ideal and that numerous employees had complained about those conditions and had even struck vehicles while working with tow motors. While appellee's conduct in maintaining and regulating the lot may have been negligent, perhaps even approaching reckless, as a matter of law, Adams' injury was not substantially certain to occur simply because Adams walked through the lot. Every day dozens of employees and pedestrians walked through the lot without incident. Tragically, on January 22, 2004, a series of events occurred that placed Adams in harms' way and resulted in his death.
 {¶ 18} "The workers' compensation fund confronts head-on the unpleasant, even harsh, reality that workers are exposed to the inherent risks of injury * * * which accompany certain industries." (Internal quotations omitted.) Pintur at ¶ 17. Based upon the fact that workers and pedestrians repeatedly performed activities in the parking lot without significant injury, we find the above statement to be applicable, i.e., the industry Adams worked in involved inherent dangers, dangers which the workers' compensation fund was designed to insure against. Moreover, Appellant presented no evidence which would support a finding that Adams' injury was substantially certain to occur. Accordingly, the trial court did not err in finding that appellant's intentional tort claim must fail. Appellant's sole assignment of error is overruled.
 III. {¶ 19} Appellant's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
DONNA J. CARR FOR THE COURT
WHITMORE, P. J. MOORE, J. CONCUR